```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
BARBARA A. BAUMGARTEN,

                        Plaintiff,

        -against-                          MEMORANDUM & ORDER
                                           12-CV-0941(JS)(AKT)
SUFFOLK COUNTY SHERIFF'S DEPARTMENT,
COUNTY OF SUFFOLK, HOME LOAN
MORTGAGE CORPORATION, INDYMAC BANK,
REAL ESTATE OFFICE OPTION FIRST,
DEBRA MANGOGUA, CONTRACTORS HIRED
BY BANK, JOHN DOE, JOHN DOE, JOHN
DOE, JOHN DOE, JOHN DOE, JOHN DOE,
JOHN DOE, JOHN DOE, JOHN DOE, and
FEDERAL DEPOSIT INSURANCE
CORPORATION,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:          Barbara A. Baumgarten, pro se
                        P.O. Box 213
                        Holtsville, NY 11742

For Defendants:
County Defendants       Arlene Zwilling, Esq.
                        Suffolk County Attorney's Office
                        100 Memorial Highway
                        P.O. Box 6100
                        Hauppauge, NY 11788

Freddie Mac             Robert C. Sambursky, Esq.
                        Stein, Wiener & Roth, LLP
                        One Old Country Road, Suite 113
                        Carle Place, NY 11514

FDIC                    Marie D. Nardino, Esq.
                        FDIC
                        New York Legal Services Office
                        20 Exchange Place
                        New York, NY 10005
```

SEYBERT, District Judge:

Currently, the following motions are pending before the Court: (1) a motion to dismiss by Defendant Home Loan Mortgage Corporation ("Freddie Mac") (Docket Entry 40); (2) pro se Plaintiff Barbara A. Baumgarten's ("Plaintiff") motion to "restore plaintiff to residence home/restore property" (Docket Entry 44); (3) Plaintiff's motion to consolidate (Docket Entry 45); (4) Plaintiff's motion for a preliminary injunction/temporary restraining order (Docket Entry 57); (5) Plaintiff's motion for an interlocutory appeal (Docket Entry 67); and (6) a motion to dismiss on behalf of Suffolk County and the Suffolk County Sheriff's Department (Docket Entry 71). For the following reasons, Plaintiff's various motions are DENIED and Freddie Mac's motion to dismiss is GRANTED. As the motion to dismiss on behalf of Suffolk County and the Suffolk County Sheriff's Department is discovery-related, it is appropriately directed to Magistrate Judge A. Kathleen Tomlinson.

BACKGROUND

Plaintiff commenced this action on February 27, 2012 against the Suffolk County Sheriff's Department (the "Sheriff's Department"), Suffolk County (the "County"), Freddie Mac, IndyMac Bank, Real Estate Office Option First, Debra Mangogua ("Mangogua"), and Contractors "hired by Bank," (listed as various John Does) (collectively "Defendants") for inter alia,

2

violation of her constitutional rights pursuant to 42 U.S.C. § 1983, an unlawful eviction, fraud, and violations of New York Executive Law and New York General Business Law.

On February 21, 2012, the Sheriff's Department entered Plaintiff's property at 21 Chestnut Street, Centereach, New York (the "Residence"), for which Plaintiff had held a deed since October 2007. (Compl. at 2[1].) The Sheriff's Department did not have a warrant nor did it provide Plaintiff with a 72-hour notice of eviction. (Compl. at 3.) Nonetheless, unknown deputies forcefully entered the Residence and those deputies, along with contractors hired by Defendant Mangogua, destroyed many of Plaintiff's belongings. (Compl. at 3-4.)

## DISCUSSION

The Court will first address the legal standard governing Freddie Mac's motion to dismiss, followed by the substantive merits of Freddie Mac's motion, before turning to Plaintiff's pending motions.

I. Freddie Mac's Motion to Dismiss

   A. Legal Standard

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662,

---

[1] These page numbers refer to those provided by the Electronic Case Filing system.

678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

B. Freddie Mac's Motion

Before addressing the specifics of Freddie Mac's motion, the Court will first summarize the statement of facts as provided in its brief. Many of these facts are based upon documents which the Court may consider on a motion to dismiss, as they form the basis of Plaintiff's Complaint. See supra at 4. Furthermore, Freddie Mac's timeline of events provides greater context for the general factual background. Where appropriate, the Court will note particular factual disputes.

1. Statement of Facts

Mohammad A. Khokhar ("Khokhar") had a note and mortgage on the Residence, but failed to make the payment due and payable on October 1, 2007 and thereafter. (Def.'s Mot. to Dismiss, Docket Entry 40, ¶ 3.) At approximately the same time, Plaintiff acquired title from Khokhar by deed dated September 27, 2007. (Def.'s Mot. to Dismiss ¶ 4 & Ex. A.) Plaintiff was never a party to the note or mortgage, and at all relevant times Khokhar remained the sole obligor. (Def.'s Mot. to Dismiss ¶ 5.)

As a result of Khokhar's failure to make payments, on January 17, 2008 a foreclosure action was commenced in the Supreme Court of the State of New York, County of Suffolk under index number 2626/2008 entitled IndyMac Bank, FSB v. Mohammad A. Khokhar, Barbara A. Baumgarten, et al. (the "Foreclosure

5

Action"). (Def.'s Mot. to Dismiss ¶ 3.) Plaintiff was named as a defendant in that action because she was the title owner of the Residence, and therefore a necessary party. (Def.'s Mot. to Dismiss ¶ 4.)

On or about June 11, 2008, IndyMac Bank applied for a Judgment of Foreclosure and Sale in the Foreclosure Action. (Def.'s Mot. to Dismiss ¶ 6.) Plaintiff cross-moved for an Order to Show Cause seeking a temporary restraining order. (Def.'s Mot. to Dismiss ¶ 6 & Ex. D.) On November 17, 2008, the Supreme Court signed the Judgment of Foreclosure and Sale and denied Plaintiff's cross-motion. (Def.'s Mot. to Dismiss ¶ 6 & Exs. E & F.)

A foreclosure sale was then scheduled to occur on December 16, 2009. (Def.'s Mot. to Dismiss ¶ 7.) Two days before the sale, Plaintiff sought another Order to Show Cause in the Foreclosure Action. (Def.'s Mot. to Dismiss ¶ 7 & Ex. G.) The Supreme Court again denied Plaintiff's request for an Order to Show Cause and a foreclosure sale was conducted as scheduled. (Def.'s Mot. to Dismiss ¶ 7.) As a result of the sale, a Referee's Deed was delivered to Freddie Mac. (Def.'s Mot. to Dismiss ¶ 7 & Ex. H.) Thereafter, the Supreme Court issued a formal decision denying Plaintiff's request for an Order to Show Cause. (Def.'s Mot. to Dismiss ¶ 7 & Ex. I.)

According to Freddie Mac, on April 16, 2010, Plaintiff was served with a Notice to Quit the premises. (Def.'s Mot. to Dismiss ¶ 8 & Exs. J-K.) Thereafter, on April 21, 2010, Plaintiff sought yet another Order to Show Cause in the Foreclosure Action seeking to vacate the Judgment of Foreclosure and Sale and set aside the foreclosure sale. (Def.'s Mot. to Dismiss ¶ 9 & Ex. L.) The Supreme Court denied that application on June 8, 2010. (Def.'s Mot. to Dismiss ¶ 9 & Ex. M.)

On September 7, 2010, Freddie Mac commenced a Summary Holdover proceeding. (Def.'s Mot. to Dismiss ¶ 10 & Ex. N.) The court granted the petition on default and a Judgment of Possession and Warrant of Eviction were thereafter issued to Freddie Mac. (Def.'s Mot. to Dismiss ¶ 10 & Ex. O.)

On July 5, 2011, Plaintiff sought another Order to Show Cause in the Foreclosure Action to vacate the Judgment of Foreclosure and Sale and Referee's Deed. (Def.'s Mot. to Dismiss ¶ 11 & Ex. P.) IndyMac cross-moved to prohibit Plaintiff from filing any additional applications for Orders to Show Cause. (Def.'s Mot. to Dismiss ¶ 11 & Ex. Q.) The Supreme Court again denied Plaintiff's application and granted IndyMac's cross-motion. (Def.'s Mot. to Dismiss ¶ 11 & Ex. R.)

According to Freddie Mac, and although the court in the Foreclosure Action had prohibited her from doing so, Plaintiff sought another Order to Show Cause on January 26,

7

2012. (Def.'s Mot. to Dismiss ¶ 12 & Ex. S.) Plaintiff again sought to vacate the Judgment of Foreclosure and Sale and to stay the eviction. (Def.'s Mot. to Dismiss ¶ 12.) The Supreme Court held a hearing on February 15, 2012 and denied Plaintiff's application. (Def.'s Mot. to Dismiss ¶ 13 & Ex. T.) Freddie Mac maintains that on or about February 22, 2012, "the Suffolk County Sheriff executed upon the Warrant issued by the Suffolk County District Court and delivered possession to Freddie Mac." (Def.'s Mot. to Dismiss ¶ 13.)

### 2. Rooker-Feldman

Freddie Mac maintains that Plaintiff's claims against it are barred by the Rooker-Feldman doctrine. The Court agrees.

The Rooker-Feldman doctrine "establishes the principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." MacPherson v. Town of Southampton, 738 F. Supp. 2d 353, 362 (E.D.N.Y. 2010). Courts in this Circuit typically apply four factors to determine whether Rooker-Feldman bars a federal suit, namely that: (1) plaintiff is a state court loser; (2) plaintiff complains of injuries caused by the state court judgment; (3) plaintiff seeks review of the state court judgment; and (4) the state court judgment was rendered before district court proceedings began. Id.

All of the elements of Rooker-Feldman are satisfied here. As the factual background of this case reveals, Plaintiff lost in the state court Foreclosure Action, which occurred before she filed the instant case. Moreover, the relief Plaintiff seeks against Freddie Mac would require this Court to review the state court judgments of foreclosure and eviction. In this case, Plaintiff essentially alleges that Freddie Mac unlawfully evicted her, submitted fraudulent documents in connection with the Foreclosure Action and Plaintiff's eviction, and that Freddie Mac violated her rights in various ways, including failing to provide Plaintiff with a 72-hour notice of eviction and seeking a warrantless eviction against her. This is the very type of case which would require this Court to sit as an appellate court to review state court judgments, and which is therefore barred by the Rooker-Feldman doctrine. See Reyes v. Fairfield Props., 661 F. Supp. 2d 249, 272 (E.D.N.Y. 2009) ("Plaintiffs' unlawful eviction claim . . . invites this Court to review and reject a state court judgment and runs afoul of the jurisdictional limits set by the United States Supreme Court under the Rooker-Feldman doctrine." (internal quotation marks and citation omitted)); Rene v. Citibank NA, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) (plaintiffs' claims were a "direct attack on the state court foreclosure and eviction"); see also Jordan v. Levine, No. 12-CV-3527, 2012 WL 2921024, at *2 (E.D.N.Y. July

17, 2012) ("Here, plaintiff's claims are directly related to the determinations made by the state court regarding eviction; this action is barred by the Rooker-Feldman doctrine."). This is true even though Plaintiff "recast[s her] complaint in the form of a civil rights action pursuant to 42 U.S.C. § 1983." Fariello v. Campbell, 860 F. Supp. 54, 65 (E.D.N.Y. 1994).

Accordingly, Freddie Mac's motion to dismiss is GRANTED and Plaintiff's claims against it are DISMISSED WITH PREJUDICE.

II. Plaintiff's Motions

A. Motions to "Restore Plaintiff to Residence Home/Restore Property" and for a Temporary Restraining Order

Plaintiff's motions to "restore plaintiff to residence home/restore property" (Docket Entry 44) and her motion for a temporary restraining order (Docket Entry 57), although styled differently, request the same relief. In both, Plaintiff seeks that Defendants be enjoined from trespassing on her property and that the Court allow Plaintiff to return to the Residence. Plaintiff has sought identical relief before this Court on at least two prior occasions. (See Docket Entries 3 & 16.) As this Court has previously explained, Plaintiff must demonstrate a likelihood of success on the merits. (See Docket Entries 5 & 17.) Despite Plaintiff's numerous attachments and exhibits, the

Court finds that she has not demonstrated a likelihood of success on the merits, and accordingly her motions are DENIED.

B. <u>Motion to Consolidate</u>

Plaintiff seeks to consolidate her case filed under docket number 12-CV-0171 with the instant case and, accordingly, filed identical motions in both actions. The Court refers Plaintiff to this Court's prior decision in 12-CV-0171, Docket Entry 62, in which this Court denied Plaintiff's consolidation motion.[2] As this Court previously explained, Plaintiff's cases "involve primarily different defendants, different underlying events, and different time periods." <u>Baumgarten v. Suffolk County</u>, No. 12-CV-0171, Docket Entry 62 at 5 (citing <u>Webb v. Goord</u>, 197 F.R.D. 98, 101 (S.D.N.Y. 2000)). Accordingly, "consolidation would promote, rather than eliminate, inefficiency and confusion." <u>Id.</u> (citing <u>Kelly v. Kelly</u>, 911 F. Supp. 66, 69 (N.D.N.Y. 1996)). Plaintiff's motion is therefore DENIED.

C. <u>Motion for Leave to File an Interlocutory Appeal</u>

Plaintiff's motion for leave to file an interlocutory appeal (Docket Entry 67) does not specify the particular decision or decisions from which she seeks to appeal. <u>See</u>

---

[2] The Court notes that Plaintiff has moved for reconsideration of that Order.

generally, 28 U.S.C. § 1292.  Accordingly, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

CONCLUSION

For the foregoing reasons, Freddie Mac's motion to dismiss (Docket Entry 40) is GRANTED and Plaintiff's claims against it are DISMISSED WITH PREJUDICE.  Plaintiff's various motions (Docket Entries 44, 45, 57, 67) are DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purposes of an appeal.  Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to terminate "Home Loan Mortgage Corporation" (a/k/a Freddie Mac) as a Defendant in this action and mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   July   31  , 2013
         Central Islip, NY