UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
BARBARA A. BAUMGARTEN,

                    Plaintiff,

        -against-                          <u>MEMORANDUM & ORDER</u>
                                           12-CV-0941(JS)(AKT)
SUFFOLK COUNTY SHERIFF'S DEPARTMENT,
COUNTY OF SUFFOLK, INDYMAC BANK,
REAL ESTATE OFFICE OPTION FIRST,
DEBRA MANGOGUA, CONTRACTORS HIRED
BY BANK, JOHN DOE, JOHN DOE, JOHN
DOE, JOHN DOE, JOHN DOE, JOHN DOE,
JOHN DOE, JOHN DOE, JOHN DOE, and
FEDERAL DEPOSIT INSURANCE
CORPORATION,

                    Defendants.
-------------------------------------X
APPEARANCES
For Plaintiff:        Barbara A. Baumgarten, <u>pro</u> <u>se</u>
                      P.O. Box 213
                      Holtsville, NY 11742

For Defendants:
County Defendants     Arlene Zwilling, Esq.
                      Suffolk County Attorney's Office
                      100 Memorial Highway
                      P.O. Box 6100
                      Hauppauge, NY 11788

FDIC                  Marie D. Nardino, Esq.
                      FDIC
                      New York Legal Services Office
                      20 Exchange Place
                      New York, NY 10005

SEYBERT, District Judge:

        Currently pending before the Court is <u>pro</u> <u>se</u> plaintiff

Barbara A. Baumgarten's ("Plaintiff") motion for reconsideration

of the Court's July 31, 2013 Memorandum and Order (the "July

Order," Docket Entry 78). For the following reasons, Plaintiff's motion is DENIED.

<u>BACKGROUND</u>

The Court presumes familiarity with the factual background of this case, which is set forth in the Court's July Order. Briefly, the July Order addressed the following: (1) Home Loan Mortgage Corporation's ("Freddie Mac") motion to dismiss; (2) Plaintiff's motion to "restore plaintiff to residence home/restore property"; (3) Plaintiff's motion to consolidate; (4) Plaintiff's motion for a preliminary injunction/temporary restraining order; and (5) Plaintiff's motion for an interlocutory appeal.

The Court granted Freddie Mac's motion to dismiss, finding that Plaintiff's claims against Freddie Mac were barred by the <u>Rooker-Feldman</u> doctrine. (July Order at 8-10.) Additionally, the undersigned found that Plaintiff's motions to restore her property and for a temporary restraining order requested the same relief and that Plaintiff had failed to show a likelihood of success, as required. (July Order at 10-11.) As to Plaintiff's motion to consolidate, the Court had previously rejected this argument, and again found that the instant case could not be consolidated with Case Number 12-CV-0171. (July Order at 11.) Finally, the Court denied Plaintiff's request for leave to file an interlocutory appeal

because Plaintiff did not specify the particular decision that she sought to appeal. (July Order at 11-12.)

DISCUSSION

Plaintiff now seeks reconsideration of the July Order, primarily arguing that there is new evidence demonstrating that the Court should grant her motion to restore her to her home. Plaintiff also argues that the Court erroneously applied the Rooker-Feldman doctrine. The Court will first address the applicable legal standard on a motion for reconsideration before turning to the merits of Plaintiff's motion.

## I. Legal Standard

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007). A motion for reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an

opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

II. Analysis

Plaintiff first argues that there is new evidence demonstrating that the Court should grant her permission to reside at 21 Chestnut Street, Centereach, New York. (See Pl.'s Br., Docket Entry 80, at 1[1].) The Court disagrees.

First, Plaintiff attaches various documents to her current motion. A number of these documents are police reports or complaints made by Plaintiff, state court filings and other documents from 2012, and various other submissions which are not new or do not add any additional support to Plaintiff's argument. However, Plaintiff does include: (1) a September 12, 2013 letter from Ocwen Loan Servicing LLC to purported mortgagor Mohammad Khokhar stating that "[i]n accordance with the provisions of your mortgage, we are required to have property

---

[1] Page numbers refer to those provided by the Electronic Case Filing system.

inspections completed on all delinquent loans" (Pl.'s Br. Ex. A); (2) a letter from Mr. Khokhar indicating that Plaintiff will occupy the residence (Pl.'s Br. Ex. A(1)); (3) a document reflecting "debt information" from IndyMac Mortgage Services to Khokhar dated September 22, 2013 (Pl.'s Br. Ex. B); and (4) a letter to Khokhar stating "[e]ffective 09/17/2013, IndyMac Mortgage Services, a division of OneWest Bank, FSB (IndyMac) will transfer the servicing of your HELOC Loan to SPECIALIZED LOAN SERVICING LLC" (Pl.'s Br. Ex. D).

It is unclear why Khokhar has been receiving these documents. As the Court stated in the July Order, Freddie Mac indicated that on February 22, 2012, the Suffolk County Sheriff delivered possession to Freddie Mac. (See July Order at 8.) In any event, Plaintiff's submissions do not necessarily indicate her legal status vis-à-vis the subject property.

Second, and in any event, Plaintiff's request to restore her to her property is somewhat unclear. New York's Real Property Actions and Proceedings Law Section 1341 provides for redemption under certain circumstances. N.Y. REAL PROP. ACTS. § 1341. However, a foreclosure sale of the subject property was conducted on December 16, 2009. (See Docket Entry 40 ¶ 7 & Ex. H.) Redemption is unavailable after the foreclosure sale has taken place. See Done v. Wells Fargo Bank, N.A., No. 08-CV-3040, 2009 WL 2959619, at *7 (E.D.N.Y. Sept. 14, 2009)

("However, a mortgagor in default cannot redeem a property pursuant to Section 1341 after a foreclosure sale."); GMAC Mortg. Corp. v. Tuck, 299 A.D.2d 315, 316, 750 N.Y.S.2d 93, 95 (2d Dep't 2002) ("Redemption is not permitted after a foreclosure sale, whether or not a deed has actually been delivered to the sale purchaser.").

Plaintiff also asserts that the Court erroneously applied the Rooker-Feldman doctrine. (Pl.'s Br. at 5.) However, a motion for reconsideration is not an appropriate vehicle to relitigate arguments. See supra pp. 3-4.

Finally, Plaintiff's remaining arguments are meritless. Plaintiff has not demonstrated that the Court relied on "false documents" (Pl.'s Br. at 2) nor can the Court order that criminal charges be lodged against Defendants, see Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purposes of

an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the <u>pro se</u> Plaintiff.

SO ORDERED.


/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    April __25__, 2014
          Central Islip, NY